The **BALTIMORE AND OHIO RAILROAD COMPANY, a corporation of the State of Maryland, d/b/a One of the Chessie Systems Railroads, the Baltimore and Philadelphia Railroad Company, a corporation of the States of Pennsylvania and Delaware, d/b/a One of the Chessie Systems Railroads, Mount Clare Properties (Delaware), Inc., a corporation of the State of Maryland, and Chessie Motor Express, Inc., a corporation of the State of Delaware, Plaintiffs,**

v.

**Charles M. OBERLY, III, Attorney General of the State of Delaware, and John E. Wilson, III, Secretary of the Department of Natural Resources and Environmental Control of the State of Delaware, Defendants,**

and

**William P. Wilson and Clare T. Wilson, Applicants for Intervention.**

**Civ. A. No. 84–452–WKS.**

United States District Court, D. Delaware.

Dec. 3, 1984.

David S. Swayze, William E. Manning, Wendie E. Cohen, Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, Del., Richard Keene, John P. Higinbothom, The Baltimore and Ohio R. Co., Baltimore, Md., for plaintiffs.

Fred S. Silverman, Deputy Atty. Gen., Dept. of Justice, Wilmington, Del., for defendants.

Thomas Stephen Neuberger, Wilmington, Del., Anthony Carrozza, III, Francis Pileggi Law Associates, Woodlyn, Pa., for intervenors.

## OPINION

STAPLETON, Chief Judge:

Plaintiff Baltimore & Ohio Railroad Company ("B & O") filed this civil action for declaratory and injunctive relief challenging the constitutionality of the Delaware Noise Control Act, 7 Del.C. Chapter 71 (the "Act") and the regulations thereunder. Defendants in this case are those officials of the State of Delaware charged by law with enforcement of the Act and its regulations.

This action is currently before the Court on applicants William and Clare Wilsons' motion to intervene under F.R.Civ.Proc. 24(a)(2). I will deny their motion.

I

The applicants are owners of a home located in close proximity to the railroad terminal at issue in the present case. They contend that the noise generated by the terminal is substantially above the level of noise permitted by the Act. Consequently, applicants complaint that the noise has substantially and unreasonably interfered with the use and enjoyment of their property. They further allege that the noise is responsible for the diminution of the market value of their home by $10,000—$15,000. Finally, they allege that they and their children have been under the care of a

psychologist who has been treating them for various noise related problems.

Plaintiff B & O does not dispute these facts, but contends that they do not entitle the Wilsons to intervene.

## II

■ Rule 24(a)(2) of the Federal Rules of Civil Procedure provides:

Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Thus, whether applicants are entitled to intervene under 24(a)(2) depends upon their meeting three criteria:

First, that they had sufficient interest in the matter, and that their interest would be affected by the disposition; second, that their interest was not adequately represented by the existing parties; and third, that their application was timely.

*Commonwealth of Pennsylvania v. Rizzo,* 530 F.2d 501, 504 (3d Cir.), *cert. denied,* 426 U.S. 921, 96 S.Ct. 2628, 49 L.Ed.2d 375 (1976). Applicants assert that they have satisfied all of the requirements of 24(a)(2). I need not, however, address the question of applicants' interest in the matter, since the applicants have failed to show that whatever interests they have will not be adequately represented by the Delaware defendants.[1]

■ "The burden, however minimal after *Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 636 n. 10, 30 L.Ed.2d 686 (1972), is on the applicant for intervention to show that his interests are not adequately represented by the existing parties." *Hoots v. Pennsylvania,* 672 F.2d 1133, 1135 (3d Cir.1982).

■ Further, when, as here, a state or its officers are charged with representing the interests of the absentee, it is presumed that representation will be adequate. *Rizzo,* 530 F.2d at 505 (citing 7A Wright & Miller, *Federal Practice and Procedure* § 1909 (1972)). Applicants in the present action seek to intervene to protect the value of their property and the health of their family. These are precisely the types of interest that state officials are charged with representing under the Act. Section 7101 of the Act expressly states that the Act's purpose is *inter alia* to protect the health, safety, and welfare as well as the value of property from the effects of excessive noise.

■ A determination of the adequacy of representation issue must focus upon "a comparison of the interests asserted by the applicant for intervention and the existing party." *Pierson v. United States,* 71 F.R.D. 75, 78 (D.Del.1976) (quoting *United States v. I.B.M.,* 62 F.R.D. 530, 535 (S.D.N.Y.1974)). If the existing party's interest is *adverse* to the proposed intervenor, intervention will ordinarily be granted assuming compliance with the other requirement of Rule 24(a)(2). *Pierson,* 71 F.R.D. at 78 (citing 7A Wright & Miller § 1909). If the applicant's interest is considered *similar* to that of the existing party, intervention will be granted unless it is clear that the existing party will provide adequate representation. *Id.* Finally, if the interests of the applicant and existing party are deemed *identical,* the applicant must make a compelling showing why representation by the existing party is not adequate. *Id.*

In the present case, the applicants admit that their interests are not adverse to the Delaware defendants; indeed, they concede in their brief that "both they and the state are interested in upholding the validity of the Act." (Applicants' Brief at 10). Instead, applicants describe their interests as "disparate" from those of the state, since the applicants are concerned primarily with their *own* property values and family health, while the state is more concerned with its power and authority under the Act

---

**1.** The parties do not dispute the timeliness of the application of the motion at issue.

to regulate the activities carried on by B & O at the terminal.

Even if I were to accept applicants' characterization of Delaware's interest in this case, I fail to see its relevance to the question of adequate representation. Applicants appear to argue that because the impact upon them will be different than the impact upon the state in the event B & O prevails in this litigation, it follows that the state's representation of their interest is inadequate. I disagree with this logic. That the applicants and the state may suffer different consequences if B & O succeeds with its challenge does not mandate the conclusion that the applicants are in need of representation that will not be adequately provided by the present defendants. To the contrary, for purposes of this litigation, I can perceive no difference between the legal interests of the Delaware defendants and the applicants. Both parties desire precisely the same goal, which is to uphold the constitutionality of the Act.

Since the applicants have failed to demonstrate why that task will not be adequately performed by the state without their intervention, I will deny their motion.[2]

**2.** Where, as here, the interest of the applicant is the same as that of the existing party, the applicant ordinarily must show collusion, lack of due diligence, or bad faith on the part of the existing party in order to intervene. *Pierson*, 71 F.R.D. at 79. Applicants do not even suggest that this is an issue in the present action.